# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE WESTERN DISTRICT OF VIRGINIA



## LYNCHBURG DIVISION

IN RE:

JAMES ROBERT SERENA

FKA ROBERT JAMES SERENA JR,

Debtor.

CASE NO.: 16-60179

CHAPTER: 13

## DEBTOR'S MOTION TO SEAL BANKRUPTCY RECORDS

## PURSUANT TO 11 U.S.C. § 107(c) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9018

COMES NOW, James Robert Serena, formerly known as Robert James Serena Jr. ("Movant" or "Debtor"), appearing pro se, and respectfully moves this Honorable Court pursuant to 11 U.S.C. § 107(c) and Federal Rule of Bankruptcy Procedure 9018 for an Order sealing the Debtor's bankruptcy records. In support of this Motion, the Debtor respectfully states as follows:

### I. INTRODUCTION AND PROCEDURAL HISTORY

1. On December 22, 2015, the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division.

2. The Debtor's case was assigned Case No. 16-60179.

3. The Debtor was dismissed from the bankruptcy case on March 10, 2016.

4. The bankruptcy case was subsequently terminated and closed on June 21, 2016.

5. The Debtor is no longer represented by counsel in this matter and appears pro se for the purposes of this Motion.

6. The Debtor is a self-employed business owner whose livelihood depends on maintaining the security of his personal and financial information.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

8. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

10. This Motion is brought pursuant to 11 U.S.C. § 107(c), Federal Rule of Bankruptcy Procedure 9018, and Local Rule 5005-4 of the United States Bankruptcy Court for the Western District of Virginia.

## III. FACTUAL BACKGROUND

11. The Debtor's bankruptcy case was filed on December 22, 2015, dismissed on March 10, 2016, and terminated on June 21, 2016.

12. On November 6, 2020, the Debtor was the victim of a theft in which a lockbox containing all of his identity documents was stolen. This incident was reported to the Hanover County, Virginia Sheriff's Department and assigned Case No. 2020-00704446.

13. Following the theft of the Debtor's identity documents, the Debtor has experienced numerous instances of identity theft and fraud, including but not limited to:

    a. Multiple unauthorized accounts opened with various creditors without the Debtor's knowledge or consent;

    b. Fraudulent activity on the Debtor's personal and business bank accounts;

    c. Unauthorized access to the Debtor's personal identifying information; and

    d. Other fraudulent activities using the Debtor's identity.

14. The Debtor reported these incidents of identity theft to the Federal Trade Commission ("FTC"), which assigned reference number 174135564 to the Debtor's Identity Theft Report.

15. As a result of the persistent and severe identity theft experienced by the Debtor, the Social Security Administration took the extraordinary step of issuing the Debtor a new Social Security Number in August 2024 and marking the Debtor's prior Social Security Number as fraudulent/inactive.

16. The Debtor has reason to believe that the information contained in his bankruptcy records, which includes personal identifying information, creditor information, business relationships, and addresses, has contributed to the ongoing identity theft and fraud he has experienced.

17. Despite the proper redaction of sensitive information in the bankruptcy filings pursuant to Federal Rule of Bankruptcy Procedure 9037, the bankruptcy records still contain substantial information that could be used to perpetuate identity theft and fraud against the Debtor.

## IV. LEGAL STANDARD

18. Section 107 of the Bankruptcy Code governs public access to bankruptcy court records and provides for certain exceptions to the general rule of public access. Specifically, 11 U.S.C. § 107(c)(1) states:

    "The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

    (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

    (B) Other information contained in a paper described in subparagraph (A)."

19. Federal Rule of Bankruptcy Procedure 9018 implements 11 U.S.C. § 107 and provides the procedural mechanism for protecting confidential information in bankruptcy cases. Rule 9018 states:

    "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation."

20. Local Rule 5005-4 of the United States Bankruptcy Court for the Western District of Virginia governs electronic filing procedures and requirements for filing documents under seal in this Court.

21. The common law right of access to judicial records is not absolute and may be overcome by a showing that sealing serves an important interest. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978) (recognizing that the right to inspect and copy judicial records is not absolute and that access may be denied where court files might become "a vehicle for improper purposes").

22. The First Amendment right of access to judicial proceedings and records may be restricted when: (1) there is a compelling governmental interest in sealing the records; (2) there is a substantial probability that this interest will be harmed if the records are not sealed; and (3) there are no alternatives to sealing that would adequately protect the compelling interest. See Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 13-14 (1986).

23. Courts have recognized that protecting individuals from identity theft and fraud constitutes a compelling interest that may justify sealing bankruptcy records. See In re Stoebner, 430

B.R. 159, 162 (Bankr. S.D. Tex. 2010) (recognizing that the prevention of identity theft is a compelling interest that may justify restricting access to bankruptcy records).

## V. ARGUMENT

### A. Sealing the Debtor's Bankruptcy Records Is Necessary to Prevent Identity Theft and Fraud

24. The Debtor respectfully submits that sealing his bankruptcy records is necessary to prevent further instances of identity theft and fraud. The Debtor has already experienced significant harm as a result of identity theft, as evidenced by:

    a. The documented theft of the Debtor's identity documents on November 6, 2020 (Hanover County Sheriff's Department Case No. 2020-00704446);

    b. The numerous unauthorized accounts opened in the Debtor's name;

    c. The fraudulent activity on the Debtor's personal and business bank accounts;

    d. The FTC Identity Theft Report (Reference No. 174135564); and

    e. The Social Security Administration's issuance of a new Social Security Number to the Debtor in August 2024, an extraordinary remedy that is only granted in cases of severe and persistent identity theft.

25. The bankruptcy records contain substantial information that could be used to perpetuate identity theft and fraud against the Debtor, including:

    a. The Debtor's full legal name and former name;

    b. The Debtor's address at the time of filing;

    c. Information about the Debtor's financial accounts and creditors;

    d. Information about the Debtor's business relationships; and

    e. Other personal and financial information that could be used to impersonate the Debtor or gain unauthorized access to the Debtor's accounts.

26. While sensitive personal identifiers (such as the Debtor's full Social Security Number, full account numbers, etc.) have been properly redacted pursuant to Federal Rule of Bankruptcy Procedure 9037, the bankruptcy records still contain sufficient information to facilitate identity theft and fraud.

27. The ongoing nature of the identity theft experienced by the Debtor, spanning a period of over four years and continuing even after the issuance of a new Social Security Number, demonstrates that the Debtor faces a substantial and continuing risk of harm if his bankruptcy records remain publicly accessible.

### B. Sealing Is Narrowly Tailored to Protect the Debtor's Interests While Respecting the Public's Right of Access

28. The Debtor acknowledges the importance of the public's right of access to judicial records, including bankruptcy records. However, in this case, the Debtor's interest in preventing further identity theft and fraud outweighs the public's interest in accessing the specific records at issue.

29. The Debtor's bankruptcy case has been closed for more than eight years, and there are no pending matters that would require public access to the records.

30. The Debtor is not seeking to seal the records to hide information from creditors or to gain an unfair advantage in any proceeding. Rather, the Debtor is seeking to protect himself from further instances of identity theft and fraud.

31. The Debtor is willing to work with the Court to determine the most appropriate scope of sealing, whether that involves sealing the entire file or only specific documents that contain particularly sensitive information.

32. The Debtor submits that sealing the bankruptcy records is the least restrictive means available to protect his interests, as redaction alone has proven insufficient to prevent identity theft and fraud.

### C. Good Cause Exists to Seal the Debtor's Bankruptcy Records

33. The Debtor has demonstrated good cause for sealing his bankruptcy records under 11 U.S.C. § 107(c) by providing documented evidence of identity theft and fraud, including:

    a. Police reports documenting the theft of the Debtor's identity documents;

    b. FTC Identity Theft Reports;

    c. Evidence of the Social Security Administration's issuance of a new Social Security Number; and

    d. Documentation of unauthorized accounts and fraudulent activity.

34. The Debtor has shown that disclosure of the information contained in his bankruptcy records "would create undue risk of identity theft or other unlawful injury" to the Debtor, as required by 11 U.S.C. § 107(c)(1).

35. The Debtor has demonstrated that the harm he has already suffered and continues to suffer as a result of identity theft is substantial and ongoing, and that sealing the bankruptcy records would help mitigate this harm.

36. The Debtor's request is made in good faith and is not intended to hinder the administration of justice or to conceal information from parties with a legitimate interest in the bankruptcy case.

## VI. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an Order:

1. Granting this Motion to Seal Bankruptcy Records;

2. Directing the Clerk of the Court to seal all records associated with the Debtor's bankruptcy case (Case No. 16-60179);

3. Providing that access to the sealed records shall be restricted to the Court, the Debtor, and any party who demonstrates to the Court a legitimate need for access; and

4. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 14th day of April, 2025.

_[signature]_

James Robert Serena, Pro Se

311 Godfrey Rd

Leechburg, PA 15656

Phone: 724-919-2434

Email: jim.serena@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2025, a true and correct copy of the foregoing DEBTOR'S MOTION TO SEAL BANKRUPTCY RECORDS was served upon the following parties via first-class mail, postage prepaid:

United States Trustee

U.S. Bankruptcy Court

Western District of Virginia

210 Church Avenue, Room 200

Roanoke, VA 24011

_[signature]_

James Robert Serena, Pro Se

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE WESTERN DISTRICT OF VIRGINIA

# LYNCHBURG DIVISION

IN RE:

JAMES ROBERT SERENA

FKA ROBERT JAMES SERENA JR,

Debtor.

CASE NO.: 16-60179

CHAPTER: 13

# ORDER GRANTING DEBTOR'S MOTION TO SEAL BANKRUPTCY RECORDS

This matter came before the Court on the Debtor's Motion to Seal Bankruptcy Records (the "Motion") filed by James Robert Serena, formerly known as Robert James Serena Jr. (the "Debtor"). The Court, having considered the Motion, any responses thereto, and the evidence presented, and being otherwise fully advised in the premises, finds as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Debtor has demonstrated good cause for sealing his bankruptcy records pursuant to 11 U.S.C. § 107(c) and Federal Rule of Bankruptcy Procedure 9018.

5. The Debtor has provided documented evidence of identity theft and fraud, including police reports, FTC Identity Theft Reports, and evidence of the Social Security Administration's issuance of a new Social Security Number.

6. The Debtor has shown that disclosure of the information contained in his bankruptcy records would create undue risk of identity theft or other unlawful injury to the Debtor.

7. The Debtor's interest in preventing further identity theft and fraud outweighs the public's interest in accessing the records of this closed bankruptcy case.

8. Sealing the bankruptcy records is the least restrictive means available to protect the Debtor's interests.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Debtor's Motion to Seal Bankruptcy Records is GRANTED.

2. The Clerk of the Court is directed to seal all records associated with the Debtor's bankruptcy case (Case No. 16-60179).

3. Access to the sealed records shall be restricted to the Court, the Debtor, and any party who demonstrates to the Court a legitimate need for access.

4. Any party seeking access to the sealed records must file a motion with this Court setting forth the specific reasons why access is necessary and appropriate.

5. This Order shall remain in effect until further order of this Court.

SO ORDERED this _____ day of _____, 2025.

_____

United States Bankruptcy Judge

Copies to:

James Robert Serena

311 Godfrey Rd

Leechburg, PA 15656

United States Trustee

U.S. Bankruptcy Court

Western District of Virginia

210 Church Avenue, Room 200

Roanoke, VA 24011